Gustavo Ponce, Esq.
Nevada Bar No. 15084
Mona Amini, Esq.
Nevada Bar No. 15381
**KAZEROUNI LAW GROUP, APC**
6940 S. Cimarron Rd., Suite 210
Las Vegas, Nevada 89113
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523
E-mail: gustavo@kazlg.com
E-mail: mona@kazlg.com

*Attorneys for Plaintiff,*
John C. Pipes

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| **JOHN C. PIPES,**<br><br>          **Plaintiff,**<br><br>     vs.<br><br>**ASPEN NATIONAL FINANCIAL, INC. d/b/a ASPEN NATIONAL COLLECTIONS; TRANS UNION, LLC,**<br><br>          **Defendants.** | Case No.: 2:24-cv-02170-RJY<br><br>~~Proposed~~ **Discovery Plan and Scheduling Order** |

///

///

///

Plaintiff John C. Pipes ("Plaintiff") and Defendant Aspen National Financial Inc. d/b/a Aspen National Collections ("Aspen") and Defendant Trans Union LLC ("Trans Union") (together both as "Defendants"), (jointly as the "Parties"), by and through their respective counsel, hereby submit this proposed Discovery Plan and Scheduling Order.

The Parties propose the following discovery plan and scheduling order:

## PROPOSED DISCOVERY PLAN

1.  **Discovery Cut-Off Date**: Defendant Trans Union filed its Answer on December 16, 2024. ECF No. 10. To allow for all discovery to take place, the Parties' proposed cut-off date for discovery shall be **August 11, 2025.**

2.  **Amending the Pleadings and Adding Parties**: All motions to amend the pleadings or to add parties, the Parties propose that it shall be filed no later than **May 12, 2025**.

3.  **Fed.R.Civ.P. 26(a)(2) Disclosures (Experts)**: The Parties propose that disclosures and reports concerning experts shall be made by **June 11, 2025**. The Parties propose that disclosures and reports concerning rebuttal experts shall be made by **July 11, 2025**.

5.  **Dispositive Motions**: The Parties propose that the date for filing dispositive motions shall not be later than **September 10, 2025**, 30 days after the proposed close of discovery. In the event that the discovery period is extended from the discovery cut-off date set forth in this proposed Discovery Plan and Scheduling Order, the date for filing dispositive motions shall be extended to be not later than 30 days from the subsequent discovery cut-off date.

6.  **Pretrial Order**: The Parties propose that the date for filing the joint pretrial order shall not be later than **October 10, 2025**, 30 days after the cut-off date for filing dispositive motions. In the event that dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until 30 days after decision on the dispositive motions or until further order of the court. In the further event that the discovery period is extended from the discovery cut-off date set forth in this Discovery

Plan and Scheduling Order, the date for filing the joint pretrial order shall be extended in accordance with the time periods set forth in this paragraph.

7. **Pretrial Disclosures**: The disclosures required by Fed. R. Civ. P. 26(a)(3), and any objections thereto, shall be included in the joint pretrial order.

8. **Extensions or Modifications of the Discovery Plan and Scheduling Order**: Applications to extend any date set by the discovery plan, scheduling order, or other order must comply with the Local Rules.

9. **Initial Disclosures**: The Parties shall make initial disclosures on or before **March 28, 2025,** to the extent that initial disclosures have not yet been made.

10. **Protective Order**: The Parties may seek to enter a stipulated protective order pursuant to Rule 26(c) prior to producing any confidential documents. Plaintiff understands that the Parties desire a stipulated protective order governing confidential information.

*Plaintiff's Position*: If Aspen or Trans Union believe that there are documents and information that cannot be produced without a protective order, Plaintiff requests that a stipulated protective order governing confidential information be filed by **March 28, 2025**, so as to not delay production of discovery. As to any other requests from Aspen or Trans Union, Plaintiff believes the Federal Rules of Civil Procedure and the Court's Local Rules shall apply without the need to add more requirements.

*Aspen's Position*: Aspen takes no position.

*Trans Union's Position*: Trans Union requests that following service of any interrogatory response or document production from which some or all information or documents are withheld on the basis of privilege, the parties will confer on the scope of the interrogatories and/or requests for production, the need to limit the scope of same, and any need for privilege logs. The parties agree that there may be a need for discovery in this case to be governed by a protective order. If the parties agree concerning the need for and scope and form of such a protective order, their counsel will confer and then submit a jointly proposed protective order to the Court at such

time. If the parties disagree concerning the need for, and/or the scope or form of a protective order, the party or parties seeking such an order shall file an appropriate motion and supporting memorandum.

      11.    **Electronic Service**: The Parties agree that electronic service of discovery documents may be used.

      The Parties, through their undersigned counsel, agree that pursuant to Rule 5(b)(2)(E) and 6(d) of the Federal Rules of Civil Procedure, any pleadings or other papers may be served by sending such documents by email to the primary and secondary email addresses of all counsel or record (or any updated email address provided to all counsel of record). The format to be used for attachments to any email message shall be Microsoft Word (.doc) or Adobe Acrobat (.pdf). If any error or delayed delivery message is received by the sending party that party shall promptly serve the pleading or other papers by other authorized means.

      12.    **Alternative Dispute Resolution Certification**: The Parties certify that they met and conferred about the possibility of using alternative dispute-resolution processes including mediation, arbitration, and early neutral evaluation.

      The Parties are generally agreeable to the Alternative Dispute Resolution through, including but not limited to, mediation and early neutral evaluation after an initial period of discovery.

      13.    **Alternative Forms of Case Disposition Certification**: The Parties certify that they considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program (General Order 2013-01). The parties have not reached any stipulations at this stage.

      14.    **Electronic Evidence**: The Parties certify that they discussed the possibility of producing documents in electronic format, which could then facilitate presenting electronic evidence to jurors for the purposes of jury deliberations at trial. The parties have not reached any stipulations at this stage.

*Plaintiff's Position*: without knowing what documents are to be produced Plaintiff does not take a final stance on how those documents are to be produced but will discuss with both Aspen and Trans Union if and when that issue arises.

*Aspen's Position*: Aspen takes no position.

*Trans Union's Position*: Trans Union does not believe that this case is suitable for discovery of electronically stored information in native format but state that production of any relevant electronically stored information in hard copy (PDF or other similar means) has been sufficient in prior similar FCRA cases. Trans Union will consult the court's website or contact the assigned judge's courtroom administrator for instructions about how to prepare evidence in an electronic format and other requirements for the court's electronic jury evidence display system.

///

///

///

15. **Limitation on Discovery**:

*Plaintiff's Position*: Plaintiff believes there should not be any limitation on discovery other than those imposed by the Federal Rules of Civil Procedure.

*Aspen's Position*: Aspen agrees with limitations under the Federal Rules of Civil Procedure.

*Trans Union's Position*: Trans Union requests to limit the number of Requests for Production and Requests for Admission to forty (40) per party.

DATED this 13th day of February 2025.

**KAZEROUNI LAW GROUP, APC**

By: __/s/ Gustavo Ponce_____
Gustavo Ponce, Esq.
6940 S. Cimarron Rd., Suite 210
Las Vegas, Nevada 89113
*Attorneys for Plaintiff*

**SKANE MILLS LLP**

By: _/s/ Sarai L. Thornton_
Sarai L. Thornton, Esq.
1120 Town Center Drive, Suite 200
Las Vegas, Nevada 89144
*Attorneys for Defendant*
*Trans Union LLC*

**THE SLOANE/TYGRET LAW GROUP**

By: */s/ Jeffrey G. Sloane*_____
Jeffrey G. Sloane, Esq.
510 South 8th Street
Las Vegas, Nevada 89101
*Attorneys for Defendant Aspen National Financial, Inc.*

## SCHEDULING ORDER

The above-set stipulated Discovery Plan of the Parties shall be the Scheduling Order for this action pursuant to Federal Rule of Civil Procedure 16(b) and Local Rule 16-1.

IT IS SO ORDERED:

_____
UNITED STATES MAGISTRATE JUDGE

DATED: February 13, 2025